IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WARREN WILLIAMS,

                      Plaintiff,                    OPINION AND ORDER

  v.

                                                       13-cv-068-wmc

DANE COUNTY SHERIFF'S OFFICE,

                      Defendant.

---

      This is a proposed civil action in which plaintiff Warren Williams, a pretrial detainee incarcerated at the Dane County Jail at the time of his filing, alleges defendant "Dane County Sheriff's Office" violated his constitutional rights under the Thirteenth Amendment by requiring him to "work[] beyond [his] will." (Compl. (dkt. #1) p.3.) Williams asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Williams has provided, the court concluded that he is unable to prepay the full fee for filing this lawsuit. Williams has also made the initial partial payment of $9.00 required of him under § 1915(b)(1). The next step is determining whether Williams' proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Because Williams' complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, the court will dismiss Williams' complaint without prejudice. Williams may, however, file an amended complaint within 30 days, which provides additional allegations as to the work he allegedly was required to perform and who actually required it.

ALLEGATIONS OF FACT

In addressing any *pro se* litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint, Williams alleges, and the court assumes for purposes of this screening order, the following facts:

- At the time Williams filed his complaint, he was incarcerated at the Dane County Jail.
- Williams had not been convicted of any crime at that time and was awaiting trial.
- Williams alleges that Dane County Jail required him to "work[] beyond [his] will." (Compl. (dkt. #1) p.3.)

OPINION

The Thirteenth Amendment of the United States Constitution provides in pertinent part: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." In *Bijeol v. Nelson*, 579 F.2d 423 (7th Cir. 1978), the Seventh Circuit considered a claim brought by a pretrial detainee, alleging that his constitutional rights under the First, Fifth, Eighth and Thirteenth Amendments were violated when he was required to perform general housekeeping duties without pay. The court rejected the plaintiff's claim, holding that housekeeping chores were not punitive in nature and, therefore, were "fair and reasonable." *Id.* at 424-25. Still, other courts have held that a pretrial detainee's rights are violated if the work goes beyond general daily housekeeping duties. *See Martinez v. Turner*, 977 F.2d 421 (8th Cir. 1992) ("Requiring a pretrial detainee to work or be placed in administrative segregation is

punishment."); *Chestnut v. Magnusson*, 942 F.2d 820, 823 (1st Cir. 1991) ("[P]retrial detainees are presumed innocent and may not be compelled to work.") (citing *McGinnis v. Royster*, 410 U.S. 263, (1973)).

Here, the complaint will be dismissed without prejudice because Williams failed to include sufficient facts to show that he is entitled to relief. Fed. R. Civ. P. 8. Rule 8(a)(2) requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In his complaint, Williams merely alleges that he was required to "work" beyond his will. Without additional detail as to the type of work assignments and amount of time required to be spent on such work, the court cannot determine whether his complaint states a claim on which relief may be granted.

Williams is free to file an amended complaint that fixes this problem. The amended complaint should contain specific allegations as to the type of work he was required to perform, by whom, and for how long. Williams will also be required to name as the defendant(s) those individual employee(s) of the Dane County Sheriff's Office directly responsible for requiring Williams to perform this allegedly unconstitutional work.

ORDER

IT IS ORDERED that:

1) Plaintiff Warren Williams' request to leave to proceed is DENIED and his complaint is DISMISSED WITHOUT PREJUDICE for violation of Fed. R. Civ. P. 8; and

2) Plaintiff may have until January 21, 2014, to submit a proposed amended complaint consistent with this Opinion and Order. If plaintiff fails to respond by that date, then the clerk of court is directed to close this case for petitioner's failure to prosecute. If plaintiff submits a revised complaint by that date, the court will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915A.

Entered this 18th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge